OPINION
{¶ 1} Appellant Allan Craig appeals the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division, that concluded his minor children were neglected and dependent and continued temporary custody of the children with Appellee Tuscarawas County Department of Job and Family Services ("agency"). The following facts give rise to this appeal.
 {¶ 2} On July 27, 2004, the agency, with assistance from local law enforcement officials, took emergency custody of four minor children residing at appellant's residence. Appellant is the biological father of two of these children, Rebecca and Allan. At the time of the children's removal, appellant's spouse, Ray Ann Craig, the mother of the four minor children, also resided at the residence.
 {¶ 3} The day following the children's removal, the agency filed a complaint alleging the children were abused, neglected and dependent. The agency requested temporary custody of the children. The trial court conducted a shelter care hearing that same day and ordered all four children into the temporary custody of the agency. The trial court made this order, over the objection of Ray and Pam Irwin, the maternal grandparents of the minor children. The children had previously been placed with the maternal grandparents during a prior case with the agency.
 {¶ 4} Thereafter, on August 16, 2004, Ray and Pam Irwin filed a motion to intervene. The trial court scheduled the motion to be heard at the disposition hearing of this matter. However, counsel for the Irwins failed to appear at the hearing. The trial court continued the hearing on the Irwins' motion until a later date. Subsequently, the trial court conducted a trial, on the complaint, on August 27, 2004, and September 22, 2004. Prior to the commencement of trial, counsel for appellant moved to dismiss the complaint alleging the statutes in question were unconstitutionally vague. The trial court overruled appellant's motion.
 {¶ 5} Following trial, the court issued a judgment entry dated October 13, 2004, in which it found the children to be neglected and dependent. The trial court dismissed the abuse allegation. At a dispositional hearing conducted on October 22, 2004, the trial court continued the children in the temporary custody of the agency and adopted the case plan proposed by the agency. Appellant filed objections to the adjudication and disposition, which the trial court overruled on December 17, 2004. The trial court conducted a hearing on Ray and Pam Irwins' motion to intervene on December 29, 2004. The trial court subsequently overruled the motion.
 {¶ 6} Appellant appeals from the trial court's overruling of his objections and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The appellants were denied due process of law when the trial court adjudicated the children in large part upon the introduction of evidence concerning the physical condition of the family residence when no allegation concerning same was made in the complaint and no notice was given of an intention to make such a claim.
 {¶ 8} "II. The application of the vague dependency and neglect statutes violated the appellant's rights under the federal and state constitution.
 {¶ 9} "III. The finding by the trial court that the children were neglected and dependent was against the manifest weight and sufficiency of the evidence.
 {¶ 10} "IV. The trial court erred in failing to rule upon the irwins' motion to intervene, on failing to include the irwins as parties, and in failing to place the children temporarily with these relatives."
 I {¶ 11} Appellant maintains, in his First Assignment of Error, that he was denied due process of law when the trial court relied upon evidence concerning the physical condition of the family's residence when no allegation concerning this issue was made in the complaint and no notice was provided to him of the agency's intention to rely upon such evidence. We disagree.
 {¶ 12} At the trial of this matter, the court permitted the introduction of evidence regarding the condition of the family's residence. Specifically, Jennifer Hoop, an employee of the agency, testified about the condition of the residence. Ms. Hoop described a strong odor of urine and feces in the residence. Tr. at 15. Upon her arrival at the residence, a large dresser blocked the entrance. Id. A bare mattress was lying on the living room floor and it appeared as if animals had urinated on it. Id. Four or five dogs were in the residence and Ms. Hoop observed several piles of animal feces on the floor of the residence. Id.
 {¶ 13} Appellant claims these allegations were not contained in the complaint and therefore, the trial court should not have permitted the introduction of this evidence. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v.Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} A review of the complaint establishes that under the dependency portion of the complaint, the final paragraph alleges that "[t]he condition and environment of the * * * children is such, that in their best interest, the state is warranted in intervening in their temporary care and custody." Complaint, July 28, 2004, at 7. This allegation was sufficient to put appellant on notice that issues regarding the children's environment would be litigated before the trial court. Accordingly, we conclude the trial court did not abuse its discretion when it permitted Ms. Hoop to testify concerning the condition of appellant's residence.
 {¶ 15} Appellant's First Assignment of Error is overruled.
 II {¶ 16} Appellant contends, in his Second Assignment of Error, the application of the vague dependency and neglect statutes violated his rights under the federal and state constitutions. We disagree.
 {¶ 17} Appellant argues the dependency and neglect statutes are unconstitutionally vague and should be declared void pursuant to theFirst, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 10 and 16 of the Ohio Constitution. The Franklin County Court of Appeals addressed this argument and rejected it in In re Grant (Feb. 8, 2001), Franklin App. No. 00AP-431, at 6. For the reasons set forth in Grant, we conclude the dependency and neglect statutes are not unconstitutionally vague.
 {¶ 18} Appellant's Second Assignment of Error is overruled.
 III {¶ 19} In his Third Assignment of Error, appellant maintains the finding by the trial court that the children were neglected and dependent was against the manifest weight of the evidence. We disagree.
 {¶ 20} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 21} In the case sub judice, the trial court found the children to be "neglected" pursuant to R.C. 2151.03(A)(2). R.C. 2151.03(A) defines a "neglected child" as follows:
 {¶ 22} "(A) As used in this chapter, `neglected child' includes any child:
 "* * * {¶ 23} "(2) Who lacks adequate parental care because of the faults or habits of the child's parents, guardian, or custodian;"
 "* * *" {¶ 24} The trial court also made a determination that the children were "dependent" pursuant to R.C. 2151.04(C). This statute provides, in pertinent part, as follows:
 {¶ 25} "As used in this chapter, `dependent child' means any child:
 "* * * {¶ 26} (C) Whose condition or environment is such as to warrant the state, in the interest of the child, in assuming the child's guardianship;"
 "* * *" {¶ 27} Appellant argues neither of these findings, by the trial court, was established by clear and convincing evidence. The Ohio Supreme Court defined the term "clear and convincing evidence," in Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, as follows:
 {¶ 28} "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."
 {¶ 29} Upon review of the record in this matter, we conclude the trial court's finding that the children were neglected and dependent is supported by clear and convincing evidence. Ms. Hoop, an employee of the agency, testified regarding the condition of the residence. Tr. at 15-16. Ms. Hoop also testified regarding the condition of the children at the time of their removal from the residence. Id. at 18. Further, David Brown, the biological father of George, is a registered sex offender and has had no contact with his child. Id. at 20. Tim Lloyd, the biological father of Jazmine, has had little or no contact with the child. Id. at 21.
 {¶ 30} Teresa VanFossen, a patron of the Claymont Public Library, testified regarding her interaction with the family. Ms. VanFossen indicated her concern for the care the children were receiving based upon her observations. Id. at 36-45. Michael Tidrick, another patron of the library, also testified regarding his interaction with the family. Id. at 61-76. Crystal Arnold, a neighbor of the Craigs, testified regarding appellant's discipline of the children. Id. at 82-110. Jeremy Shaver, a police officer with the Uhrichsville Police Department, testified about his contact with the family upon receiving a call about the discipline of the children. Id. at 112-130. Finally, Georgiana Heddlestone and Alice Koile, employees of the library, testified regarding their observations of the family while visiting the library. Id. at 135-154; 158-186.
 {¶ 31} Based upon this evidence, we conclude the trial court's decision finding the four minor children to be neglected and dependent was not against the manifest weight of the evidence as said decision is supported by clear and convincing evidence.
 {¶ 32} Appellant's Third Assignment of Error is overruled.
 IV {¶ 33} Appellant contends, in his Fourth Assignment of Error, the trial court erred when it failed to rule upon the Irwins' motion to intervene and failed to temporarily place the children with their maternal grandparents. We disagree.
 {¶ 34} Prior to considering the merits of this assignment of error, we find it necessary to address the issue of standing (i.e. whether appellant has standing to challenge the trial court's denial of the Irwins' motion to intervene and request that the children be placed in their custody.)
 {¶ 35} In the case of The Cunningham Children, Stark App. No. 2003CA00054, 2003-Ohio-2805, we held a father does not have standing to appeal an order denying the children's grandmother's motion to intervene. Id. at ¶ 27. We most recently reached the same conclusion in In theMatter of: Paige Miller, Licking App. No. 04 CA 32, 2005-Ohio-856, at ¶ 64 — ¶ 65.
 {¶ 36} Appellant's Fourth Assignment of Error is overruled.
 {¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby affirmed.
By: Wise, J. Hoffman, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is affirmed.
Costs assessed to Appellant.