**In re COLANER CHILDREN.**

[Cite as *In re Colaner Children,* 166 Ohio App.3d 355, 2006-Ohio-2404.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 2005 AP 12 0084.

Decided May 2, 2006.

356

David W. Haverfield, for appellee Tuscarawas County Job & Family Services.

Marvin T. Fete, for appellant.

Paul Hervey, guardian ad litem.

Sharon Buckley–Mirhaidari, for appellee Merrianne Gibbs.

BOGGINS, Judge.

{¶ 1} Appellant-father, David Colaner, appeals the finding of dependency as to his four children, entered on November 30, 2005, in the Tuscarawas County Court of Common Pleas, Family Court Division.

{¶ 2} This appeal is expedited and is being considered pursuant to App.R. 11.2(D).  The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶ 3} This case involves the four minor children of David Colaner and Merrianne Gambs.  The children, Anna Colaner (d.o.b. 7/14/90), David Colaner Jr. (d.o.b. 9/29/94), Katelyn Colaner (d.o.b. 9/19/98), and James Colaner (d.o.b. 3/21/00), were removed from the home of their father, David Colaner, on June 27, 2005, after a criminal investigation by the Tuscarawas County Sheriff's Department.  Anna Colaner was home with her brother, James Colaner, and indicated to the sheriff's department that she was unaware of when her father would return.  The sheriff's department received a call from David Colaner indicating

he would be gone for a period of a few days. Further testimony on that issue elicited at the adjudicatory hearing demonstrated that there was an existing warrant for Mr. Colaner, and he thought it in his best interest to avoid arrest and detection until such time as the warrant issue could be resolved in the New Philadelphia Municipal Court.

{¶ 4} On June 27, 2005, several conditions of concern were found in the Colaner home, including cluttered and dirty home conditions, as well as concerns regarding appropriate supervision of the children. Concerns were raised regarding ongoing allegations of inappropriate sexual abuse levied by David Colaner and the Colaner children against Mark Gambs, the current husband of Merrianne Gambs.

{¶ 5} On June 30, 2005, Tuscarawas County Job and Family Services ("TCJFS") filed a complaint in the Tuscarawas County Juvenile Court, alleging neglect and dependency. Separate attorneys were appointed for the parents, and denials were entered.

{¶ 6} The case proceeded to trial, and adjudicatory hearings were held on August 10, 25, and 30, 2005.

{¶ 7} After considering the extensive testimony presented, the trial court magistrate issued a decision, which contained 29 findings of fact.

{¶ 8} The magistrate determined that there was no clear and convincing evidence that the Colaner children were neglected, and the neglect charge was dismissed. The magistrate's decision went on to hold that the children were dependent under R.C. 2151.04(C) for the reason that "the children have either been sexually abused or psychologically brainwashed," either of which, the magistrate felt, "was sufficient enough to warrant the state, in the interests of the children, to assume the children's guardianship."

{¶ 9} The disposition hearing was held on September 27, 2005, at which time the trial court adopted the case plan, and the children were ordered to remain in the temporary custody of TCJFS.

{¶ 10} David Colaner timely objected to the magistrate's decision, and the trial court conducted an objection hearing on November 21, 2005. By judgment entry dated November 30, 2005, the presiding judge overruled the objections and adopted the magistrate's decision finding the children to be dependent. From that decision, David Colaner timely appealed to this court, seeking review of the trial court's determination that the children are dependent.

{¶ 11} Thus, it is from this judgment entry that David Colaner now appeals, raising the following assignments of error:

### ASSIGNMENTS OF ERROR

{¶ 12} "I. The finding of dependency pursuant to R.C. 2151.04(C) was not supported by clear and convincing evidence and was against the manifest weight of the evidence.

{¶ 13} "II. The finding of dependency was in error because the appellant was denied due process of law at the adjudicatory hearing."

## I

{¶ 14} In the first assignment of error, appellant contends that the finding of dependency was against the manifest weight of the evidence and not supported by clear and convincing evidence. We disagree.

{¶ 15} A trial court's adjudication of a child as abused, neglected, or dependent must be supported by clear and convincing evidence. R.C. 2151.35(A). " 'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. Where the evidence is in conflict, the trier of fact may determine what evidence should be accepted and what evidence should be rejected." *In re Dukes* (1991), 81 Ohio App.3d 145, 153, 610 N.E.2d 513, citing *Cross*, 161 Ohio St. at 478, 53 O.O. 361, 120 N.E.2d 118.

{¶ 16} When an appellate court reviews a trial court's adjudication to determine whether the judgment is supported by clear and convincing evidence, the reviewing court must "determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *In re Christian*, 4th Dist. No. 04CA10, 2004-Ohio-3146, 2004 WL 1367399, citing *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54. That is, we examine the record to determine whether appellee sustained its burden of producing clear and convincing evidence of dependency as defined by R.C. 2151.04.

{¶ 17} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA5758, 1982 WL 2911. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 18} R.C. 2151.04(C) defines a dependent child as any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." Juv.R. 29(E)(4) requires that these findings be proven by clear and convincing evidence.

{¶ 19} Accordingly, we proceed to determine whether the evidence submitted proved clearly and convincingly that the Colaner children were dependent.

{¶ 20} "A finding of dependency under R.C. 2151.04 must be grounded on whether the children are receiving proper care and support." *In re Bibb* (1980), 70 Ohio App.2d 117, 24 O.O.3d 159, 435 N.E.2d 96. R.C. 2151.04 defines dependency and states:

{¶ 21} " '[D]ependent child' means any child

{¶ 22} "(A) Who is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian;

{¶ 23} "(B) Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;

{¶ 24} "(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship."

{¶ 25} Thus, the focus in a determination of dependency is on the condition of the children, not on the fault of the parents. *In re Bibb*, 70 Ohio App.2d at 120, 24 O.O.3d 159, 435 N.E.2d 96. "A definition of 'proper parental care' is found in R.C. 2151.05, which states that a child is without proper parental care if the home is filthy and unsanitary or he does not have necessary support, medical attention and education or discipline. The fact of dependency must be proved by clear and convincing evidence." Id. See, also, *In re Bishop* (1987), 36 Ohio App.3d 123, 521 N.E.2d 838, paragraph one of the syllabus.

{¶ 26} Therefore, an adjudication of dependency must be based on the condition or environment of the child. *In re Bishop* (1987), 36 Ohio App.3d at 124, 521 N.E.2d 838; *In re Burchfield* (1988), 51 Ohio App.3d 148, 156, 555 N.E.2d 325. "That being said, a court may consider a parent's conduct insofar as it forms part of the child's environment. See *In re Burrell* (1979), 58 Ohio St.2d 37, 39, 12 O.O.3d 43, 388 N.E.2d 738. The parent's conduct is significant if it is demonstrated to have an adverse impact on the child sufficient to warrant state intervention." *In re Ohm*, 4th Dist. No. 05CA1, 2005-Ohio-3500, 2005 WL 1595245.

{¶ 27} Upon review of the record in this matter, we conclude the trial court's finding that the children were dependent is supported by clear and convincing evidence.

{¶ 28} Sgt. Christopher Douglas of the Tuscarawas County Sheriff's Department testified that when he responded to the Colaner home to investigate a complaint placed by someone who had purchased a dog from appellant, the 16–year–old daughter Anna was home but appellant was not. Anna told Sgt. Douglas that she did not know when her father would return. Sgt. Douglas was advised later that same evening that appellant had informed the Tuscarawas County Dispatching Center that he would not be returning for a least a couple of days. Sgt. Douglas returned to the home with an investigator of TCJFS because he was concerned about Anna's ability to take care of herself and her younger siblings for an extended period of time.

{¶ 29} Sgt. Douglas further testified that the Colaner home was dirty, the carpets were soiled, and two of the bedrooms were occupied by dogs and puppies. He further testified that the dogs did not have any water and that there were large piles of dog feces on the back deck. Sgt. Douglas also expressed concern over the existence of the oxygen tank in the home because it was evident that someone had been smoking.

{¶ 30} Jaime Grunder, an investigator with TCJFS, testified with regard to the allegations of sexual abuse of the children by their stepfather, which appellant had been making to the agency repeatedly since he and his ex-wife separated. She further testified that at one time, appellant advised her that if his ex-wife would just return to him, he would drop all the allegations.

{¶ 31} The trial court, in its entry, found that either the children were in fact being sexually abused by their stepfather or the children were being brainwashed by appellant to say that they were being sexually abused by their stepfather.

{¶ 32} The record reflects that it is the belief of TCJFS that appellant is programming the children to say that they are being sexually abused by their stepfather.

{¶ 33} Appellant himself testified that there were 18 puppies and two dogs in the house on that date that the children were removed. Additionally, he admitted to smoking cigarettes in the house in spite of the fact that he also was using an oxygen tank.

{¶ 34} Based upon this evidence, we conclude that the trial court's decision finding the four minor children to be dependent was not against the manifest weight of the evidence because the decision is supported by clear and convincing evidence.

{¶ 35} Appellant's first assignment of error is overruled.

## II.

{¶ 36} In appellant's second assignment of error, he alleges that he was denied due process of law at the adjudicatory hearing. We disagree.

{¶ 37} Specifically, appellant argues that the complaint did not put him on notice that he needed to defend himself against charges of brainwashing his children. Appellant claims these allegations were not contained in the complaint, and therefore, the trial court should not have permitted the introduction of this evidence.

{¶ 38} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 39} A review of the complaint establishes that under the dependency portion of the complaint, the final paragraph alleges that "[t]he condition and environment of the minor children, as set forth above, is such that the State, in their best interest, is warranted in intervening in their temporary care and custody."

{¶ 40} This court, in *In re Lloyd*, Tuscarawas App. No. 2005 AP 01 0003, 2005-Ohio-2380, 2005 WL 1152596, previously held the above language to be sufficient to put an appellant on notice that issues regarding the children's environment would be litigated before the trial court.

{¶ 41} Accordingly, we conclude that the trial court did not abuse its discretion when it permitted testimony concerning the allegations of sexual abuse and the possibility that appellant may be programming his children to make such allegations.

{¶ 42} Appellant's second assignment of error is overruled.

{¶ 43} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

GWIN and HOFFMAN, JJ., concur.