OPINION
{¶ 1} Tonya Coon appeals three judgments of the Court of Common Pleas, Juvenile Division, of Fairfield County, Ohio which terminated her parental rights in her three children, James, Blake, and Brandon, and awarded permanent custody to the Fairfield County Job and Family Services. We consolidate these cases for purposes of this opinion. Appellant assigns one error to the trial court:
 {¶ 2} "I. THE DECISION OF THE TRIAL COURT GRANTING PERMANENT CUSTODY OF APPELLANT'S CHILDREN TO FAIRFIELD COUNTY CHILDREN SERVICES WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, AS THE RECORD DOES NOT CONTAIN CLEAR AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY WAS IN THE CHILDREN'S BEST INTEREST AND THAT THE CHILDREN CANNOT BE PLACED WITH EITHER PARENT WITHIN A REASONABLE TIME."
 {¶ 3} At the time of the hearing, James was almost seven years old, Blake was five, and Brandon was less than two years old. The children were placed in the temporary shelter custody of the appellee, Children's Services, on September 2, 2004. The court granted temporary custody of the three children to Children's Services on September 30, 2004, where they remained at the time of the hearing on January 5, and January 26, 2006.
 {¶ 4} Appellant challenges the trial court's finding her children could not be placed with her within a reasonable time, and the court's finding it was in the children's best interest to grant permanent custody to Children's Services.
 {¶ 5} R.C. 2151.414 (E) directs the trial court to consider all relevant evidence in determining whether a child cannot be placed with a parent within a reasonable period of time or should not be placed with the parents. The statute also sets forth sixteen factors a court must consider: * * *
 {¶ 6} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 7} (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
 {¶ 8} (3) The parent committed any abuse as described in section 2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03
of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 {¶ 9} (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child; * * *
 {¶ 10} (9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.
 {¶ 11} (10) The parent has abandoned the child. * * *
 {¶ 12} (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect. * * *
 {¶ 13} (16) Any other factor the court considers relevant."
 {¶ 14} The trial court made extensive findings of fact and conclusions of law. The court found the agency had developed a reasonable case plan setting forth four concerns. With regard to the first concern, appellant's mental health, the court found appellant had submitted to a psychological examination where individual mental health therapy was recommended, but appellant had not engaged in individual mental health counseling and denied needing it. The court found she was not taking any medication and as of the date of the hearing, she had not seen her psychiatrist for two months. The court stated appellant believes all her mental health issues would be resolved if the court returned her children to her.
 {¶ 15} The second concern was to maintain employment, suitable housing, and provide for the basic needs of the children. The court found appellant was unemployed and had not maintained consistent employment. Appellant had no source of income, and relied on her boyfriend for financial support. Appellant was living in a one-bedroom apartment with her boyfriend.
 {¶ 16} The third concern was appellant's substance abuse. Appellant obtained a drug and alcohol assessment at The Recovery Center, which diagnosed her as abusing marijuana. The court found appellant had attended treatment sessions consistently from January of 2005 to May, 2005, but then stopped going to The Recovery Center. The Recovery Center reported she had not completed her counseling for drug and alcohol abuse. Appellant had failed to attend any drug and alcohol screens after March 23, 2005, and had testified marijuana was like a "nerve pill" to her.
 {¶ 17} The final concern was appellant's parenting skills. The court found appellant did work with the parenting educator, but had not utilized the knowledge in practice. The court found some of the visits with her children were fine and some were extremely poor, and she routinely missed one visit per month.
 {¶ 18} The court found Children's Services had offered transportation to appellant to assist her in completing her case plan.
 {¶ 19} The court concluded following the placement of the children outside their home and notwithstanding reasonable case planning and diligent efforts by the agency to assist to remedy the problems that initially caused the children to be placed outside the home, appellant had failed continuously and repeatedly to substantially remedy the conditions causing the children to be placed outside their home. The court found appellant had not utilized resources available to her for the purpose of changing her conduct and allowing her to resume and maintain her parental duties. The court found appellant had demonstrated a lack of commitment towards the children by failing to regular support, visit, or communicate with the children, when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the children.
 {¶ 20} Our standard of reviewing claims the trial court's judgment was not support by clear and convincing evidence is to review the record, and to determine whether it contains sufficient, competent and credible evidence supporting the trial court's determining by clear and convincing evidence, see In Re:Lloyd, Tusc. App. No. 2005AP010003, 2005-Ohio-2380.
 {¶ 21} We find the the record contains sufficient competent and credible evidence from which the trial court could determine, by clear and convincing evidence, the children cannot be placed with appellant within a reasonable time.
 {¶ 22} R.C. 2151.414 (D) sets forth the factors the trial court should consider in determining the best interest of the child. The factors are:
 {¶ 23} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 24} (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 25} (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 26} (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 27} (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 28} The trial court's findings of fact address each of the factors. The court found the two older children had bonded with the foster parents and wished to remain with them. The court found the children had been in the temporary custody of the agency for 12 or more months for a consecutive 22 month period. The trial court also found the children needed a legally secure permanent placement which necessitated a grant of permanent custody to the agency.
 {¶ 29} We find the trial court's determination it is in the best interest of the children to be placed in the permanent custody of Children's Services is supported by sufficient, competent and credible evidence rising to the level of clear and convincing evidence.
 {¶ 30} The assignment of error is overruled.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Fairfield County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Fairfield County, Ohio, is affirmed. Costs to appellant.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Fairfield County, Ohio, is affirmed. Costs to appellant.